1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEE CLARKE,

11           Petitioner,                    No. CIV S-05-2073 LKK PAN P

12       vs.

13   SHASTA COUNTY,

14           Respondent.                    ORDER

15   _____/

16           Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. See

17   28 U.S.C. § 2254.  On November 28, 2005, petitioner filed a motion to proceed in forma

18   pauperis.  Examination of the affidavit reveals petitioner is unable to afford the costs of this

19   action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

20           On December 28, 2005, the court recommended that this action be dismissed as

21   the petition failed to state a claim.

22           On February 13, 2006, petitioner filed objections to the findings and

23   recommendations, an amended petition for habeas corpus and a brief in support thereof, a civil

24   rights complaint, and hundreds of handwritten documents that serve no identifiable function in

25   this proceeding.  Because petitioner is allowed to amend his petition once as a matter of right

26   prior to the filing of a responsive pleading, the December 28, 2005 findings and

                                              1

1  recommendations will be vacated.

2          The civil rights complaint names as defendants Shasta County jail personnel and

3  other public officials but does not explain the basis for any intelligible claim. See 42 U.S.C.

4  § 1915(A).  In any event, a cause of action based upon the conditions of confinement is distinct

5  from one based on the fact or duration of confinement and petitioner cannot pursue both in one

6  action.  Accordingly, the civil rights complaint will be dismissed without prejudice.  The Clerk of

7  the Court will be directed to send petitioner the forms for filing a complaint under 42 U.S.C.

8  § 1983, along with an application to proceed in forma pauperis.  Should petitioner choose to file

9  a civil rights action, he should not include the instant case number but request the Clerk of Court

10  to consider his complaint as a new action.

11          The amended petition suggests petitioner intends to challenge judgments of the

12  Shasta County Superior Court in two different cases: 04-3594 and 05-0746.  An application for

13  writ of habeas corpus may challenge one judgment. See Rule 2(e), Rules Governing Section 2254

14  Cases (a single petition may challenge the judgment of only one state court).  Petitioner therefore

15  must commence separate actions to challenge both judgments.  Accordingly, the court will

16  consider the instant petition as a challenge to his conviction in case number 04-3594, and will

17  grant petitioner leave to file a separate petition to challenge his conviction in case number 05-

18  0746.

19          With regard to petitioner's challenge to case number 04-3594, a federal court may

20  grant habeas relief to a petitioner in state custody only upon the ground that custody violates the

21  Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  A petition must allege

22  with some particularity "the facts concerning the applicant's commitment or detention," 28

23  U.S.C. § 2242, and even though the court liberally construes applications of pro se petitioners,

24  see Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003), the court will not order a response if it

25  appears from the application that petitioner is not entitled to relief, see 28 U.S.C. § 2243.

26  Petitioner's allegations are unintelligible and thus the court cannot determine whether petitioner

1   may be entitled to relief.  Petitioner will be granted leave to file a second amended petition.

2          However, petitioner is cautioned to limit his filing to the claims he intends to raise

3   with regard to his conviction in case number 04-3594.  Moreover, the exhaustion of state court

4   remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C.

5   § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state

6   court with a full and fair opportunity to consider all claims before presenting them to the federal

7   court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086

8   (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

9          Accordingly, IT IS HEREBY ORDERED that:

10         1.  Petitioner's November 28, 2005, request to proceed in forma pauperis is

11  granted.

12         2.  The December 28, 2005 findings and recommendations are vacated.

13         3.  The February 13, 2006 civil rights complaint is dismissed without prejudice.

14         4.  The February 13, 2006, amended petition is dismissed.  Petitioner may file an

15  amended petition within twenty days from the date of this order.[1]  Failure to file an amended

16  petition will result in a recommendation this action be dismissed.

17  /////

18  /////

19  /////

20  /////

21

22     [1]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only
    exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any
23  other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at
    520-21; Rule 9(b), Rules Governing Section 2254 Cases.
24     Petitioner is further cautioned that the habeas corpus statute imposes a one year statute
    of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the
25  one year period will start to run on the date on which the state court judgment became final by
    the conclusion of direct review or the expiration of time for seeking direct review, although the
26  statute of limitations is tolled while a properly filed application for state post-conviction or other
    collateral review is pending.  28 U.S.C. § 2244(d).

1        5.  The Clerk of the Court shall send petitioner the following forms: civil rights

2 complaint under 42 U.S.C. § 1983, a request to proceed in forma pauperis, and an application for

3 writ of habeas corpus.

4 DATED:  April 18, 2006.

5

6                               UNITED STATES MAGISTRATE JUDGE

7

8 /001; clar2073.114

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26